*State v. Living Essentials, LLC*, No. 443-7-14 Wncv (Teachout, J., Apr. 12, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 443-7-14 Wncv** |

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**LIVING ESSENTIALS, LLC, and**
**INNOVATION VENTURES, LLC**
    **Defendants**

## DECISIONS ON PENDING MOTIONS

**Defendants' Motion to Compel re Rule 30(b)(6) Witness (MPR 70)**
**Defendants' Motion for Expenses re Emord Deposition (MPR 71)**
**Defendants' Motion to Produce Confidentiality Agreements with Experts (MPR 72)**
**The State's Motion to File Under Seal (MPR 73)**
**The State's Request for Oral Argument on MPR 70 (MPR 74)**
**Defendants' Emergency Motion to Compel Production of Expert Materials (MPR 75)**
**Defendants' Motion for Contempt re the Privilege Log (MPR 76)**
**The State's Motion to File a Surreply (MPR 77)**

Several motions are pending related to various discovery disputes. The court has carefully reviewed the record and now rules as follows.

*Defendants' Motion to Compel re Rule 30(b)(6) Witness (MPR 70)*
*The State's Motion to File Under Seal (MPR 73)*
*The State's Request for Oral Argument on MPR 70 (MPR 74)*

Earlier in this case, the court ruled, over the State's objection, that Defendants were entitled to depose a witness for the State under Rule 30(b)(6). The State's principal objection has been and is that deposing a Rule 30(b)(6) witness in this case would be tantamount to deposing counsel for the State. In response to the court's ruling, the parties narrowed the subject matters somewhat and the State designated one of its investigators as its Rule 30(b)(6) deponent. The parties suspended the deposition part way through. The transcript shows the attorneys at odds over the lines between appropriate inquiries and inappropriate inquiries about work product and attorney–client privileged information. Also problematic was the deponent's inability to provide detailed responses for lack of more specific knowledge or memory.

Defendants filed a motion to compel by which they seek the court to order the State to produce a properly prepared Rule 30(b)(6) witness who will testify in detail and without the State's arguably improper claims of work product and attorney–client privilege.

In the State's view, the types of inquiries that Defendants' are attempting to undertake by Rule 30(b)(6) deposition are far more appropriately directed to the State's expert witnesses at their depositions and otherwise should be probed with Rule 33(b) contention interrogatories.[1]

As Wright & Miller notes:

Questioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel. Often the grounds for such allegations are best (or only) known to counsel, and in that sense could be regarded as work product. But permitting a party to invoke work product as a blanket obstacle to a 30(b)(6) deposition seems to undermine the important utility of that device. The deposition setting may raise peculiar risks of invading protected areas, however. Thus, although a party seeking to use Rule 30(b)(6) need not first exhaust other means of obtaining the desired information, courts have sometimes directed that such inquiry proceed by contention interrogatories or by deposition upon written questions.

8A Wright & Miller, et al., Federal Practice & Procedure: Civil 3d § 2103.

The court declines to rule on the motion to compel at this time. The depositions of the State's experts are under way. They should shed considerable light on the subject matters Defendants attempted to explore in the Rule 30(b)(6) deposition. At a minimum, if a Rule 30(b)(6) deposition remains necessary after the depositions of the State's experts, Defendants presumably will be able to articulate the subject matters of the reconvened 30(b)(6) deposition more narrowly and reasonable efforts at avoiding unnecessary duplication will further confine the scope of such a deposition.

Review of the memos and attachments related to the motion to compel suggests that in order to make the process more efficient, it may be helpful to the attorneys for the court to make a few observations. On the one hand, Defendants' attorneys are cautioned to be realistic and specific about the questions directed to a Rule 30(b)(6) witness for the State, given the reality that much of the State's case depends on expert opinion testimony. On the other hand, the State's attorneys are cautioned against overreliance on work product and privileges.[2] While there may be overlap between expert opinions and trial strategy as attorneys learn things from experts they plan to call as witnesses or consult, the fact that an attorney shapes a case based on what is learned from an expert cannot be the basis for the State as a plaintiff to refuse to provide answers to legitimate discovery questions about the basis for a claim. The whole purpose of discovery is to enable a defendant to learn the basis of the claim that will be presented at trial, and overly broad assertions of the work product doctrine will not be allowed to override that function. The attorneys are reminded of the terms of V.R.C.P. 37(b)(2), including the possibility that claims or evidence may not be able to be used at trial under certain circumstances.

---

[1] Defendants do not expressly argue against contention interrogatories as unnecessary or unhelpful. They assert instead that they tried them in the past and the State resisted. It appears to be more receptive now.

[2] The court is unaware of any privilege based on "province of experts."

Defendants may file an updated motion to compel once the depositions of the State's experts are complete, if warranted. If they do so, the State may file a new motion for oral argument. In the meantime, the motion to compel and the motion for oral argument are denied.

The State's motion to file deposition testimony designated confidential under seal is unopposed and granted.

*Defendants' Motion for Expenses re Attorney Emord Deposition (MPR 71)*
*The State's Motion to File a Surreply re MPR 71 (MPR 77)*

Defendants ask the court to award their attorney fees and other expenses related to the canceled deposition of Attorney Emord pursuant to Rule 30(g). The parties traveled to Washington, D.C. for his deposition and Attorney Emord appeared. The deposition did not happen, however, because no court reporter appeared. Attorney Hobson intended to record the deposition himself but had promised Defendants that he would arrange for a court reporter for their benefit because they did not want to rely on his recording. However, there was some sort of administrative mistake and no one at the Attorney General's office arranged for a court reporter. A stenographer was not immediately available otherwise. The parties parted ways and agreed to reconvene to depose Attorney Emord when they were next in Washington, D.C., which they did.[3]

As Defendants acknowledge, Rule 30(g) does not strictly apply in these circumstances. See V.R.C.P. 30(g) (providing relief whether the person conducting the deposition fails to appear or failed to subpoena a witness who failed to appear). It is not fully clear what was said once the problem of not having a stenographer became apparent.[4] There is no evidence, however, that the State intentionally failed to arrange for a stenographer, and there is no evidence that the parties, including Defendants, reasonably attempted to find ways to solve the problem other than deciding to put the deposition off for a future trip to Washington. Defendants did not assert any claim for expenses and fees until it was determined that the parties would reconvene the deposition on their next Washington trip. Under the circumstances, given that the parties were equally responsible for not raising with each other and attempting to resolve all the consequences of the unfortunate scheduling error, the parties should bear their own losses. This motion is denied.

*Defendants' Motion to Produce Confidentiality Agreements with Experts (MPR 72)*

Defendants filed a motion asking the court to compel the State to produce the confidentiality agreements executed by the State's consulting experts. Shortly after Defendants filed this motion, the State produced acknowledgments showing compliance with the protective order in relation to disclosed experts. Defendants have acknowledged that this moots their

---

[3] Defendants insist that they did not agree to anything but unilaterally refused to go forward once it became apparent that a court reporter was not immediately available.

[4] The State's motion to file a surreply is granted. It merely adds additional factual contentions responsive to those made by Defendants in their reply. The content does not have a material impact on the court's ruling.

motion but for one issue. They request acknowledgments for undisclosed experts or consultants whose identities may remain confidential. They proposed that the State may do this in a manner that preserves the confidentiality of those consultants' identities. The State has neither complied with Defendants' request nor substantively explained why it should not. Defendants' request is reasonable. This motion is granted as to undisclosed experts and consultants.

*Defendants' Emergency Motion to Compel Production of Expert Materials (MPR 75)*

Once the State disclosed its experts, Defendants scheduled depositions with little lead time. It then found that the State was not producing discoverable materials regarding those experts quickly enough so that it could study those materials adequately prior to the depositions. In this motion it asks the court to impose prospective deadlines on the State's production prior to any future expert depositions. The depositions that have already occurred could have been rescheduled so any preliminary discovery issues could have been addressed properly before the depositions were conducted. The court declines to impose rigid restraints on the State prospectively when any future discovery issues or disputes are unknown to the court and may not materialize in any event. The attorneys are expected to work cooperatively on scheduling and other planning matters to ensure that relevant discovery is made available at a reasonable time prior to depositions. This motion is denied.

*Defendants' Motion for Contempt re the Privilege Log (MPR 76)*

On July 14, 2017, the court ordered the State to produce a detailed privilege log regarding withheld communications with out of state attorneys general offices. In this motion, Defendants claim that the State should be held in contempt for taking too long to comply and for producing additional documents in useless formats that were wrongly withheld all along. The court is satisfied that the State has made reasonable progress with the privilege log, which evidently is an extraordinarily burdensome undertaking. It now has enlisted a third party contractor to more quickly produce the second half of the log, which should be done soon. As for the documents produced in the course of the log production, the record does not show that the State was wrongly withholding documents that it knew were discoverable or was intentionally attempting to produce them in a useless format. This motion is denied.

*Other: Pretrial Schedule*

The Pretrial Scheduling Order of July 7, 2017, amended by the Order of October 16, 2017 approving a four-month extension in the deadlines, needs to be updated and this appears to be a good time for the attorneys to do so. In addition, the court needs to know the projected trial readiness date in order to plan for a lengthy trial. Thus, by May 1, 2018, the attorneys shall submit an updated proposed pretrial scheduling order for the remaining phases of the case, and shall provide the clerk with information pertinent to the scheduling of the trial.

*Summary*

Defendants' Motion to Compel re Rule 30(b)(6) Witness (MPR 70) is *denied.*
Defendants' Motion for Expenses re Emord Deposition (MPR 71) is *denied.*
Defendants' Motion to Produce Confidentiality Agreements with Experts (MPR 72) is *granted.*
The State's Motion to File Under Seal (MPR 73) is *granted.*
The State's Request for Oral Argument on MPR 70 (MPR 74) is *denied.*
Defendants' Emergency Motion to Compel Production of Expert Materials (MPR 75) is *denied.*
Defendants' Motion for Contempt re the Privilege Log (MPR 76) is *denied.*
The State's Motion to File a Surreply (MPR 77) is *granted.*

The attorneys shall submit an updated proposed pretrial scheduling order by **May 1, 2018.**

Dated at Montpelier, Vermont this ____ day of April 2018.

_____
Mary Miles Teachout
Superior Judge